IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAMELA ISAAC,                       )
                                    )
                Plaintiff,          )
                                    )
        v.                          )   Case No. 16 C 8311
                                    )
ALVERNO CLINICAL LAB., et al.,      )
                                    )
                Defendants.         )

## MEMORANDUM ORDER

Pamela Isaac ("Isaac") has employed the Clerk's-Office-supplied form of "Complaint of Employment Discrimination" to charge her ex-employer Alverno Clinical Laboratories ("Alverno") with having discriminated against her on the basis of her race and color in violation of Title VII of the Civil Rights Act of 1964 (see Complaint ¶ 9).[1] In addition to the Complaint itself, Dkt. No. 1 includes a copy of the EEOC's May 27, 2016 right-to-sue letter and a May 2, 2016 letter from the EEOC's investigator assigned to her case, which explained that agency's investigatory procedures and sent Isaac a proposed Charge of Discrimination described as "a summary of your claims based on the information you provided."

Although the Complaint did not include a copy of the Charge of Discrimination that Isaac lodged with EEOC between May 2 and May 16 (a document important for this Court's consideration of the case), Isaac did accompany the Complaint with two other Clerk's-Office-

_____

[1] Although Isaac has filled out the body of the Complaint naming Alverno as the only defendant, the case caption also refers to a number of individuals in the "Defendants" category. For the present that disparity will be ignored on the premise that later proceedings in the case will clean that up.

supplied documents: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion"). This memorandum order will speak to those filings first.

As for the Application, it demonstrates Isaac's financial inability (1) to pay the $400 filing fee as well as (2) to retain counsel. Accordingly the Application is granted.

As for the Motion, Isaac has amply satisfied the requirement taught by Seventh Circuit caselaw that a pro se party seeking counsel must make a showing of efforts to obtain a lawyer on his or her own. Hence the Motion is also granted, and this Court has obtained the name of this member of the District Court's trial bar to represent Isaac in this action:

> Pasquale Angelo Fioretto, Esq.
> Baum, Sigman, Auerbach, Pierson, Neuman
>   & Katsaros, Ltd.
> 200 West Adams Street
> Suite 2200
> Chicago, IL 60606
> Telephone: 312- 216-2565
> Email: pfioretto@baumsigman.com.

That has enabled this Court to enter its typical initial scheduling order, with the designated counsel being directed (1) to communicate with Isaac in the interim, (2) to arrange for service of process on Alverno and (3) to determine whether or not an Amended Complaint ought to be filed to supplant Isaac's pro se effort. In the meantime Isaac is ordered to transmit two copies of her EEOC Charge of Discrimination to the District Court (one for filing and the other to serve as the Judge's Copy for this Court), with the 16 C 8311 case number to be included as part of that transmittal.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 31, 2016